Dear Mr. Ware:
You have requested an opinion of this office as to whether the East Feliciana Parish School Board can increase the number of work days for eleven and twelve month employees in an effort to equalize work schedules of all East Feliciana Parish School Board employees. You list the facts as follows:
 I am informed that prior to January 1978, the East Feliciana Parish School Board Employees worked on a 9, 10, 11 and 12 month basis, depending upon their position title which would have resulted in 180 workdays for nine month employees such as teachers and aides, 200 days for 10 month employees such as Elementary and Middle School Administrators, 220 days for 11 month employees such as high school administrators and 240 days for 12 month employees such as central office personnel. The above schedule was established based on state rules which indicate that 20 days constitutes a school month.
 However, since January 1, 1978, on the recommendation of the Superintendent through presentation of annual school calendars, the East Feliciana Parish School Board has added approximately six holidays resulting in 214 work days for 11 month employees and 234 work days for 12 month employees.
 In an effort to equalize work schedules for 11 and 12 Month Employees, the Superintendent of Schools adjusted their work days to reflect that of 20 days per month so that 9-month employees work 180 days, 10-month employees 200 days, 11 month employees 220 days and 12 month employees 240 days.
 The Superintendent's proposal was presented to the Board in the form of separate calendars for 9, 10, 11 and 12 Month Employees and was approved by the school board on March 2, 1993, effective July 1, 1993 and March 8, 1994, effective July 1, 1994.
You have also indicated that the employees affected by the change have filed a grievance alleging that the Superintendent and School Board may not adjust the work schedule as described above without increasing their annual rate of salary. The employees who have filed grievances cite Attorney General Opinion 93-179 as their authority.
As indicated in Attorney General Opinion 93-179, LSA-R.S.17:422.6 (A) is applicable. It prohibits the reduction in salary to any school employee below the amount paid to that employee during the previous year. It states:
 Notwithstanding any other provision of law to the contrary, the amount of the hourly wage or annual salary paid to any school employee shall not be reduced for any school year below the amount paid to the school employee in hourly wage or annual salary during the previous school year, nor shall the amount of the hourly wage or annual salary paid to any school employee be reduced at any time during an academic year.
LSA-R.S. 17:422.6 (C) further states several conditions which would exempt school boards from the provisions stated in subsection (A) of R.S. 17:422.6. Subsection (C) provides:
 The provisions of this section shall not apply to the reduction of any local salary funded, in whole or in part, from a revenue source requiring voter approval when such voter approval has not been obtained or when the reduction is necessary as a result of a decrease in revenues received from the production of exploration from minerals, including severance taxes, royalty payments, bonus payments, or rentals.
From the facts you have presented in your opinion request, it would not appear that the exemption found in Subsection (C) is applicable. As stated in Opinion 93-179:
 An employee's annual salary is determined by the amount of time that employee is expected to work, whether it be a nine month school year, a ten month school year, or an entire year's time. The fact that an employee is paid on a annual salary basis, as opposed to an hourly rate, does not mean that the employee and the employer did not intend that a certain amount of days would be worked and also that certain days would be holidays.
According to your opinion request, the School Board is attempting to equalize work schedules for 11 and 12 month employees. These employees had previously been given six additional holidays that other employees were not given.
You seek advice on behalf of the School Board pertaining to whether the number of holidays allowed for the school employees in question can be reduced. As discussed in 93-179, the School Board's policy pertaining to holidays must be referred to for the school year in question. Assuming these school employees are hired from year-to-year, the School Board must honor the holidays given in the policy which are in effect during the duration of the contract. The policy which is set and followed by the School Board is a term of employment and is an important factor in determining the annual rate of compensation to be paid to these employees. Thus, for the School Board to increase the number of days employees must work without also increasing their annual rate of salary would be a violation of the specific mandates of LSA-R.S. 17:422.6.
Therefore, in order to be in compliance with LSA-R.S.17:422.6, it is still the opinion of this office that a School Board may not reduce the number of holidays allowed for school employees without also providing for compensation for any additional days worked. However, it should be noted that this only applies for the term of employment in which there is a contract in effect. If the School Board decides to reduce the number of holidays after the contract in question expires, it is within the discretion of the Board.
I hope this opinion has sufficiently addressed your concerns. If you need additional assistance, please let me know.
Very truly yours,
 Richard P. Ieyoub Attorney General
 By: Beth Conrad Langston Assistant Attorney General